# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:07-mj-0212-LRL |
| v. ) | |
| ) | **O R D E R** |
| MELISSA CASSIDY, ) | |
| ) | |
| Defendant. ) | |

The defendant, Melissa Cassidy, is charged in three counts with possession of controlled substances. Trial was held on January 9, 2008. The uncontroverted evidence established that in the early evening hours of September 29, 2006, Cassidy was driving a van and travel trailer in a southerly direction along a power line road south of Jean, Nevada, en route to the Dark Skies Art Festival, which was being held on the Roach Dry Lake Bed in the vicinity of Primm, Nevada. She was stopped by Ranger Victoria Worfolk of the Bureau of Land Management (BLM) for allegedly driving on a road that the BLM had closed to vehicular traffic due to the nearby art festival. During the course of the traffic stop, Ranger Worfolk's backup, Ranger Michael Marquart, discovered and seized assorted controlled substances in Cassidy's travel trailer. She was cited for driving on a closed road and for possessing the drugs, and was released. For reasons material to the disposition of this case, the government later dismissed the road closure violation.

Cassidy seeks an order suppressing the drugs as evidence. She contends that the traffic stop by Ranger Worfolk was unlawful within the meaning of the Fourth Amendment, and that as a result the subsequent drug seizure should be suppressed as the fruit of the unlawful traffic stop. More specifically, Cassidy argues that contrary to the subjective, albeit good faith belief of Ranger Worfolk, the power

line road on which Cassidy was stopped was not subject to a valid BLM closure order. Because Cassidy was not violating a valid closure order, Ranger Worfolk, in Cassidy's view, had no lawful basis for effecting the traffic stop. Therefore, according to Cassidy, the traffic stop could not have been based on probable cause or reasonable suspicion of unlawful activity. The court agrees.

Ranger Worfolk testified that at the rangers' pre-event briefing she was told by a senior ranger that to maintain control of vehicular traffic in the area certain roads, including the power line road in question, were closed by order of the BLM. Unbeknownst to Ranger Worfolk and undoubtedly to the senior ranger who conducted the briefing, the BLM had not met the regulatory requirements for closing the roads. For example, 43 CFR § 8364.1 requires that an order closing a public road must specify, among other things, the roads that are closed, the period of time during which the closure is in effect, and the reason for the closure; and the order itself must be posted in the local BLM office and, in a reasonably conspicuous manner, at "places near and/or within the area to which the closure or restriction applies." 43 CFR § 8364.1. The government concedes that these requirements were not met. The court therefore finds that although Ranger Worfolf had a good faith belief that a road closure was in effect, in truth the power line and other roads in the area were *not* subject to a lawful closure order at the time the traffic stop was effected on Cassidy's vehicle.[1] The question, then, is whether under the Fourth Amendment Ranger Worfolk's mistaken, albeit good faith belief that the power line road was subject to a lawful closure order constituted reasonable suspicion of unlawful activity sufficient to justify the traffic stop.

Under the Fourth Amendment, a traffic stop must be justified by reasonable suspicion that the driver is engaged in unlawful conduct. *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000). Reasonable suspicion "requires specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct." *United States v. Thomas*, 211 F.3d 1186, 1189 (9th Cir. 2000). "[I]n this circuit, a belief

---

[1] Accordingly, prior to trial the government dismissed Count One of the Complaint charging Cassidy with driving on a closed road in violation of 43 CFR § 8364.1(d).

1  based on a mistaken understanding of the law cannot constitute the reasonable suspicion required for
2  a constitutional traffic stop.... A suspicion based on such a mistaken view of the law cannot be the
3  reasonable suspicion required for the Fourth Amendment, because 'the legal justification [for the traffic
4  stop] must be objectively grounded.' In other words, if an officer makes a traffic stop based on a
5  mistake of law, the stop violates the Fourth Amendment." *United States v. Twilley*, 222 F.3d 1092,
6  1096 (9th Cir. 2000)(citation omitted). On the other hand, a "factual belief that is mistaken, but held
7  reasonably and in good faith, can provide reasonable suspicion for a traffic stop." *Id.* at 1096, n.1.

8         In *Twilley*, a police officer stopped the defendant's car for displaying only one license plate
9  instead of the two plates that the officer mistakenly believed were required by law. The court rejected
10 the government's argument that under the circumstances the officer's belief that two plates were
11 required was both objectively reasonable and held in good faith. As to objective reasonableness, the
12 court observed essentially that an erroneous understanding of what the law prohibits cannot be
13 objectively reasonable. Regarding good faith, the court found that the officer's good faith was
14 immaterial, because "there is no good-faith exception to the exclusionary rule for police who do not act
15 in accordance with governing law." *Id.* (quoting *United States v. Lopez-Soto*, *supra*, 205 F.3d at 1106).

16        Similarly, in *Lopez-Soto*, a San Diego police officer stopped a car with Baja California license
17 plates because its registration sticker was not visible from the rear of the vehicle, in violation of what
18 the officer had been taught at the police academy. In fact, contrary to the officer's academy instruction,
19 Baja law required that the registration sticker be displayed on the windshield. The court found that the
20 basis for the traffic stop was the officer's mistaken, albeit good faith, understanding of what the law
21 required. The court therefore concluded that the traffic stop violated the Fourth Amendment because
22 its purported legal justification – that it was unlawful for its registration sticker not to be visible from
23 the rear of the vehicle – was not "objectively grounded," *i.e.*, it was not based on the law. *Id.* at 1105.

24        In both *Twilley* and *Lopez-Soto* the officers stopped the vehicles because they believed in good
25 faith that the drivers were violating certain traffic laws. The officers in those cases did not make a
26

mistake of fact. For example, in *Twilley* the defendant's vehicle in fact displayed only one license plate. And in *Lopez-Soto* the defendant's vehicle did not in fact bear a registration sticker that was visible from the rear. The facts were as the officers perceived them. The constitutional problem was that the officers thought that the things they saw were illegal when in fact they were not.

Analogously, Ranger Worfolk was not mistaken about the facts. Cassidy was in fact driving on the power line road. The ranger believed Cassidy was violating a valid BLM road closure order. Ranger Worfolk was wrong. There was no valid road closure order, as the government concedes. Indeed, it is for that reason that the government dismissed the closure charge prior to trial. As in *Twilley* and *Lopez-Soto*, Ranger Worfolk stopped Cassidy because the ranger "held a mistaken view of the law." *Lopez-Soto*, 205 F.3d at 1105. A law enforcement officer's belief that certain conduct violates the law when in fact it doesn't is not a reasonable basis for a traffic stop. The traffic stop in this case therefore violated the Fourth Amendment. The drugs seized as a result of the stop must be suppressed. Without the evidence, there is insufficient evidence as a matter of law to sustain the charges.

IT IS THEREFORE ORDERED that Cassidy's oral motion to suppress the drugs seized from her vehicle on September 29, 2006 is granted.

IT IS FURTHER ORDERED that Counts Two, Three and Four of the Complaint are dismissed.

FINALLY, IT IS ORDERED that to the extent the government's Motion to Strike (#11) seeks an order striking Cassidy's factual recitation in her letter-brief dated January 16, 2008, it is granted.

DATED this 27th day of February, 2008.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**